IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| Diane M. Hughes | : | Case No. 13-24381GLT |
| | : | Chapter 13 |
| Debtor(s) | : | |
| Diane M. Hughes | : | |
| | : | Re to Doc. 171 192 197 |
| Movant(s) | : | |
| | : | |
| vs. | : | |
| No Respondent Named | : | |
| | : | Hearing Date 7/3/2019 |

TRUSTEE'S RESPONSE TO ORDER SETTING STATUS CONFERENCE

Ronda J. Winnecour, Chapter 13 Trustee, by her undersigned counsel, respectfully represents the following:

1. The issue is whether the look back under 11 U.S.C. §1328(f) for a prior converted case is 2 years (as if the prior case had remained a Chapter 13) or 4 years (like the Chapter 7 to which the case was converted). As Debtor observes, the majority view (as illustrated by *In re Finney*, 486 B.R. 177 (B.A.P. 9th Cir 2013), and *In re Johnson*, 486 B.R. 45 (Bankr. D. Mass. 2013)) is that the look back for a converted case is 4 years. The Debtor argues the minority view (as adopted by *In re Wilkinson*, 507 B.R. 742 (Bankr. D. Kan. 2014)) that the look back is 2 years.

2. The premise of *Wilkinson* is that the meaning of "filed under" is plain and compels a 2-year lookback, even if that result is inconsistent with Congressional intent and the balance of the statutory scheme, including, particularly §348(a). In other words, the only thing that matters under the *Wilkinson* view is the Chapter number that appeared on the initially filed Petition, without regard for subsequent events.

3. The weakness in the *Wilkinson* view is that "filed under" is neither defined nor necessarily all that plain. *See, e.g., In re Ybarra*, 359 B.R. 702, 705 (Bankr. S.D. Ill.

2007) ("While "filing" may denote the act of delivering a document to the court clerk to begin litigation, it applies as well to the delivery of documents for placement in the record throughout the course of litigation. Therefore, use of the term "filed" in § 1328(f) does not, alone, signify that the act of filing a bankruptcy petition or beginning a case is necessarily implicit in the phrase "case filed under."")

4.  Reading the section's language in context of the phrase "discharge in a case filed under chapter 7" leads to a different conclusion than the one urged by the Debtor. Section 1328(f) allows a discharge in the new Chapter 13 provided that the prior discharge was in a case filed under chapter 13 more than two years before. Debtor did not, however, receive a discharge in case filed under Chapter 13. The prior Chapter 13 case ceased to exist as of the conversion date. The discharge the Debtor received was in what became a case filed under Chapter 7. In other words, what matters for purposes of the lookback is whether the "discharge" is in a case filed under "Chapter 7" or "Chapter 13," not the Chapter number on the original petition. *Cf, McDow v. Capers (In re Capers)*, 347 B.R. 169, 171-72 (Bankr. D.S.C. 2006) (effect of conversion is to cause debtor to be deemed to have filed her first case as a chapter 7 and because she received a chapter 7 discharge the lookback is 4 years).

5.  At a minimum, §1328(f) can be read as linking discharge to the chapter in which the discharge is granted for purposes of determining the applicable look back period. Accordingly, the phrase "case filed under" is reasonably susceptible of different interpretations, at which point the majority view, which employs the traditional rules of statutory interpretation, including looking at the section in the context in the statutory scheme, is dispositive. *See, e.g.*, *Finney*, 486 B.R. at 182 ("upon conversion, the order for relief--the critical component in the initiation of a bankruptcy case--became 'an order for relief under the chapter to which the case was converted,' i.e., Chapter 7[; t]hus, the

case became 'filed under' Chapter 7 rather than under Chapter 13." (citing *In re Grydzuk*, 353 B.R. 564, 568 (Bankr. N.D. Ind. 2006)); *Johnson*, 486 B.R. at 49 ("In a situation . . . where the prior case started as a chapter 13 but was converted, interpreting §1328(f) through the prism of § 348(a) is the only way to maintain a principled consistency with [the] legislative purpose."); *Ybarra*, 359 B.R. at 706 ("the meaning of the phrase "case filed under" in §1328(f) is not limited to a case initiated by filing a bankruptcy petition but also includes a case that, upon its conversion, is deemed filed on the original petition date under the new chapter."); *McDow v. Sours (In re Sours)*, 350 B.R. 261, 268 (Bankr. E.D. Va. 2006) ("it is clear to this Court that a converted case relates back to the initial filing date for all purposes, including matters relating to discharge . . . [t]hus, the Court agrees . . . that §348(a) mandates that a case which has been converted to Chapter 7 from Chapter 13 . . . is deemed to be "filed under" Chapter 7 on the date on which the Chapter 13 was filed.")

WHEREFORE, the Trustee respectfully requests that discharge be denied.

RONDA J. WINNECOUR,
CHAPTER 13 TRUSTEE

Date: 06/19/19          by     _/s/ Owen W. Katz_____
Owen W. Katz - PA I.D. #36473
Attorney for Trustee
US Steel Tower – Suite 3250
600 Grant St.
Pittsburgh, PA  15219
(412) 471-5566
okatz@chapter13trusteewdpa.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:
Diane M. Hughes                    :    Case No. 13-24381GLT
                                   :    Chapter 13
        Debtor(s)                  :
Diane M. Hughes                    :
                                   :    Re to Doc. 171 192 197
        Movant(s)                  :
                                   :
        vs.                        :
No Respondent Named                :
                                   :    Hearing Date 7/3/2019

CERTIFICATE OF SERVICE

I hereby certify that on the 19th of June 2019, I served one true and correct copy of the foregoing document on the following parties in interest by United States first-class mail, postage prepaid, addressed as follows:

Joseph S. Sisca, Esquire
Assistant U.S. Trustee
Suite 970, Liberty Center
1001 Liberty Avenue
Pittsburgh PA.  15222

Diane Hughes
107 Hazlett Road
West Sunbury PA 16061

Dennis Sloan, Esquire
106 S. Main Street
Suite 305
Butler PA 16001

_/s/Dianne DeFoor_____
Office of Chapter 13 Trustee
US Steel Tower – Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com