## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:                                                    :   Case No.:   13-24381-GLT
                                                          :   Chapter:    13
Diane M. Hughes                                           :
                                                          :
                                                          :   Date:       7/3/2019
             *Debtor(s)*.                                 :   Time:       11:00

**FILED**

**JUL 03 2019**

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

## PROCEEDING MEMO

*MATTER:*
#171 - Status Conference to Determine Accuracy of the Debtor's Certification of Discharge Eligibility
    #199 - Response by Debtor
    #200 - Response by Trustee

#188 - Trustee's Motion for Completion of Case and Approval of Report of Receipts and Disbursements (No Discharge)

*APPEARANCES:*
            Debtor:     Dennis M. Sloan
            Trustee:    Ronda J. Winnecour

*NOTES:*

Sloan: A plain reading of the code shows that it is a two year look-back period. The Wilkinson opinion is the only one that actually analyzes the case in reference to the rest of the Bankruptcy Code. Everybody knows what "filed under" means. There is no ambiguity there. It is essentially defined in Section 301(a). There actually are not even any debts that are subject to discharge here, but the certificate of discharge eligibility only asks whether she is entitled to a discharge, not whether any of her debts will be discharged.

Winnecour: I have nothing further to add to my response.

*OUTCOME:*

1. The Motion for Approval of Report of Receipts and Disbursements [Dkt. No. 188] is granted (O/E).

2. The Status Conference is concluded (Text order to issue).

3. Debtor is deemed ineligible for a discharge for the reasons cited on the record. Paragraph 3 of Debtor's certificate of discharge eligibility [Dkt. No. 171] is deemed stricken (Text order to issue).

**DATED:** 7/3/2019